[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE 20 September 1991 DATE OF APPLICATION 20 September 1991 DATE APPLICATION FILED 25 September 1991 DATE OF DECISION 24 January 1995
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, at New Haven. Docket #6-324806.
James A. Shanley, Esq., For the Petitioner.
Robert O'Brien, Esq., For the State of Connecticut.
BY THE DIVISION
The Petitioner was convicted after a trial by jury of two counts of Arson 1st in violation of Conn. Gen. Stat. 53a-111(a)(3) and 53a-111(a)(4), and one count of Insurance Fraud in violation of Conn. Gen. Stat. 53a-215(a)(2). The petitioner was sentenced to 25 years CT Page 1321 on each count of arson and one year to serve on the insurance fraud count. All three counts were concurrent to each other for a total effective sentence of twenty five years to serve.
The record shows that the New Haven Fire Department responded to a report of a house fire in that city. Upon arrival and once inside of the building the firefighters found separate fires in separate rooms. In fighting the fires the firefighters noticed a heavy order of petroleum throughout the house. After investigation it was ruled that the fire was delibertely [deliberately] set with laboratory analysis finding flammable liquids at the points of the fire origins.
At the hearing counsel for the petitioner felt that the sentence imposed by the trial court was too harsh. Arguing that the trial court failed to take into consideration that the petitioner remained crime free for about five years, he felt the court placed too much emphasis on the petitioners prior record. Counsel also felt the court gave disproportionate weight to the harm that could have befallen the firefighters who responded to the call.
The petitioner when he spoke to the panel indicated that the sentence was too harsh and was inappropriate. He felt that a sentence of ten to fifteen years would have been more in line with the offense.
The attorney for the state indicated that these offenses contained acts done for a profit that posed danger to those who had to respond to the acts. Counsel for the state felt these were very serious offenses especially in light of the petitioners prior criminal record. Counsel noted that the petitioner was on probation for a federal offense. In concluding counsel urged this panel to affirm the sentence of the trial court as he felt it was appropriate under the circumstances.
The panel in reviewing a sentence imposed by a judge uses P.B. 942 as it's guide. Looking at the record of the petitioner we find a multiplicity of prior offenses in two states and in federal and state courts. We note that the probation that the petitioner is presently on from federal court shows that he was convicted of the sale of narcotics that involved the importation and distribution of heroin from Thailand into the city of New Haven. Further as the trial court noted, the danger to the firefighters entering a burning building was extreme which indicated the petitioner had an indifference to human life that was based upon a quest for an insurance profit. Taking all of those factors in consideration, as CT Page 1322 the trial court did, we find the sentence to be appropriate. THE SENTENCE IS AFFIRMED.
NORKO, J.
PURTILL, J.
KLACZAK, J.
Purtill, Norko and Klaczak, J.s, participated in this decision.